# Wilson v. Pullman Company, Appellant (No. 2).

*Carriers—Common carriers—Injury to personal property.*

No recovery can be had against a parlor car company for injury to or loss of personal effects caused by the negligence of defendant's porter, where it appears that the property in question was in the handbaggage of plaintiff's wife when the injuries were sustained, and that the plaintiff at the time was not a passenger.

Argued Oct. 5, 1916.   Appeal, No. 399, Oct. T., 1915, by defendant, from judgment of the Municipal Court, Philadelphia Co., March T., 1915, No. 400, on verdict for plaintiff in case of J. Clifford Wilson v. The Pullman Company.   Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.   Reversed.

Trespass to recover damages for injuries to personal property.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $46.50.  Defendant appealed.

*Error assigned* was in submitting the case to the jury.

*F. S. Cantrell, Jr.,* with him *C. Andrade, Jr.,* for appellant.

*Maurice W. Sloan,* for appellees.

OPINION BY PORTER, J., March 9, 1917 :

The plaintiff brought this action to recover damages for property alleged to have been injured or lost under the following circumstances.  The wife of the plaintiff was a passenger on a train of the Reading Railroad Company from Philadelphia to Jersey City and was the holder of a ticket of the defendant company, entitling her to occupy a seat in its car attached to the train.  She paid for her railway transportation out of a mileage book issued by the Reading Railway Company.  She took with her into the Pullman car, at Philadelphia, a valise which contained certain articles intended for her own use and, in addition, a razor, flask of whisky, pajamas, and other articles, belonging to and intended for the exclusive use of the plaintiff, her husband, whom she expected to meet in New York.  She occupied the seat in the car of the defendant company for which her ticket called and retained the valise in her possession until the train arrived at Jersey City.  When the train was approaching the station at Jersey City the porter of the car took the valise in question and two traveling bags belonging to other passengers and carried them out on to the platform of the car; upon reaching the car platform the motion of the car caused him to lose his balance and he dropped the valise which fell from the car.  When the train stopped, the wife of the plaintiff waited with some friends while the porter went back and recovered the valise which was taken into the office of the defendant company

at the station and there examined, in the presence of the wife of the plaintiff and her friends. The evidence would have warranted a finding that the valise had been torn, that certain articles had been lost therefrom and that the rest of the goods in the satchel had been seriously damaged, some being broken, and the rest soaked with a mixture of whisky and toilet powder which had escaped from their respective containers. The plaintiff brought this action to recover for the damage to his property which was contained in the valise; he recovered a verdict and judgment in the court below, and the defendant appeals.

The plaintiff was not a passenger in the car nor upon the train in which his wife traveled. There is no evidence in the case from which a jury should be permitted to infer that this plaintiff was at that time or any other time a passenger upon this or any other car of the defendant company. He was in New York, but the jury could not be permitted to say whether he had traveled by the Reading Railway or by some other route. He was not a shipper over the defendant's line nor did he stand in any contractual relation with the Pullman Company. The defendant had no notice that the property of the plaintiff was being carried in the baggage of any passenger. The fact that the passenger who carried the property happened to be the wife of the plaintiff does not change the relation in which the plaintiff stood to the defendant company. The only semblance of a reason for holding the defendant company liable for the injury to the property of the plaintiff is that his wife was carrying articles intended exclusively for his use, as her personal baggage. "The word, 'baggage,' is defined as 'such articles of necessary or personal convenience as are usually carried by passengers for their personal use, and not merchandise or other valuables, although carried in trunks by passengers, which are not designed for any such use, but for other purposes' ": Story on Bailments, Sec. 499. This matter is in Pennsylvania regulated by statute, the Act

of April 11, 1867, provides that, "Each passenger upon a railroad shall have the right to have carried in the car, or place provided for that purpose in the train in which he or she may be a passenger, his or her personal clothing, not exceeding, inclusive of the trunk or box in which it may be contained, one hundred pounds in weight, and three hundred dollars in value." This statute is not controlling in the present case for the journey of the wife of the plaintiff involved interstate commerce, and the actual damage to the property occurred in the State of New Jersey, but it does show that the policy of this State is in harmony with the general rule. There is no obligation on the part of a carrier to carry the baggage of any other than the person who is riding on the ticket; if the property belonging to the plaintiff which was in the satchel had been for the personal use of his wife, even though the title to it was in another, a different question would be presented. In the present case the property of the plaintiff was upon the car of the defendant company without right, the only duty of the company, with respect to that property, was not to injure or destroy it intentionally or wantonly: Bullard v. The Delaware, Lackawanna and Western Railroad Co., 21 Pa. Superior Ct. 583. The point submitted by the defendant requesting binding instructions ought to have been affirmed, and the motion for judgment non obstante veredicto should have prevailed.

The judgment is reversed and the record is remitted to the court below with direction to enter judgment in favor of the defendant non obstante veredicto.